**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---:|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

September 3, 2021

LETTER TO COUNSEL:

      RE:    *John A. v. v. Kilolo Kijakazi, Acting Commissioner of Social Security*[1]
              Civil No. TJS-20-997

Dear Counsel:

      On April 20, 2020, Plaintiff John A. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 17 & 22. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      John A. filed his application for DIB on March 29, 2017. Tr. 10. He alleged a disability onset date of October 26, 2015. *Id.* His application was denied initially and upon reconsideration. *Id.* He requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") on February 13, 2019. *Id.* In a written decision dated February 27, 2019, the ALJ found that John A. was not disabled under the Social Security Act. Tr. 10-20. John A. now seeks review of the ALJ's decision.

      The ALJ evaluated John A.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that John A. has not engaged in substantial gainful activity during the period from his alleged onset date of October 26, 2015, through his date last insured of March 31, 2016. Tr. 12. At step two, the ALJ found that John A. suffers from the following severe impairments: cervical disc disease, obesity, posttraumatic stress disorder, unspecified depressive disorder, and generalized anxiety disorder. *Id.* At step three, the ALJ found that John A.'s impairments, separately and in combination, failed to meet or equal in

---

      [1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security and is automatically substituted as a party under Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

      [2] This case was originally assigned to Judge Deborah L. Boardman. On June 10, 2021, it was reassigned to me.

severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 13-15. The ALJ determined that through his date last insured John A. retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he can operate hand controls with his left hand frequently. He can occasionally reach overhead to the left. He can handle items frequently with his left hand. He can climb ramps and stairs frequently. He can climb ladders, ropes, or scaffolds rarely, meaning less than occasionally but more than never. He can stoop and crouch frequently. He is able to perform simple, routine tasks and simple work-related decisions. He is able to interact with supervisors, coworkers, and the public occasionally.

Tr. 15.

At step four, the ALJ determined that John A. was unable to perform any past relevant work. Tr. 18. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that John A. can perform, including linen grader, housekeeper, and electrode cleaner. Tr. 20. Accordingly, the ALJ found that John A. was not disabled under the Social Security Act. *Id.*

John A. raises two arguments in this appeal. First, he argues that the ALJ failed to properly evaluate whether his impairments met or equaled Listing 1.04A. Second, he argues that the ALJ did not comply with *Mascio*, 780 F.3d at 632.

After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not adequately explain why John A.'s moderate limitations in concentration, persistence, and pace could be accommodated by the limitations contained in the RFC, or why no limitations were necessary. Accordingly, I conclude that the ALJ's decision does not comply with *Mascio* and will remand this case on that basis for further explanation. I decline to address John A.'s argument about Listing 1.04A and express no opinion on the ultimate merits of his disability claim.

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

As part of the step three analysis, the ALJ found that John A. has moderate limitations in the functional area of concentrating, persisting, or maintaining pace. Tr. 14. In making this finding, the ALJ noted John A.'s allegation of limitations in concentrating, following instructions, and completing tasks. *Id.* At the same time, the ALJ pointed to evidence that John A. did have some ability to concentrate, persist, and maintain pace: he reported pursuing hobbies such as reading and building model trains, and he reported that he is able to follow a recipe, manage his finances, complete household chores, and drive. *Id.* For these reasons, the ALJ concluded that John A. "has

moderate limitations in concentrating, persisting, or maintaining pace, and he has a fair ability to focus attention on work activities and stay on task at a sustained rate." Tr. 14. There is no dispute that the ALJ's finding of John A.'s moderate limitations in this functional area is supported by substantial evidence. *See* Tr. 206, 255, 271-77, 326-28, 523, 532-34, 654-55, 711, 768-69, 811, 875, and 1046-48.

In spite of the ALJ's finding that John A. had moderate limitations in concentrating, persisting, or maintaining pace, the ALJ failed to incorporate any limitations into the claimant's RFC to account for these limitations, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The ALJ's RFC formulation limits John A. to work consisting of simple, routine tasks and requiring only simple-work related decisions. Tr. 15. The ALJ did not explain how these limitations account for John A.'s moderate difficulties in maintaining concentration, persistence, and pace.

Absent an explanation by the ALJ, the Court is left to speculate on how the RFC accounted for John A.'s difficulties in these areas. To the extent that the RFC limitations are meant to address John A.'s difficulties in concentration, persistence, and pace, the absence of any explanation makes it impossible for this Court to conduct the necessary review. The Commissioner points to the ALJ's statement that John A. "has a fair ability to focus attention on work activities and stay on task at a sustained rate." ECF No. 22-1 at 8. But this statement is just another way of saying that John A. has moderate limitations in maintaining concentration, persistence, and pace. *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 12.00(F)(2)(c) ("Moderate limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.").

Alternatively, if the ALJ did not believe any limitations were necessary to account for John A.'s difficulties in maintaining concentration, persistence, and pace, the decision does not say so. Without the necessary explanation by the ALJ, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence. *Mascio* requires more than what the ALJ's decision provides.

The Commissioner cites *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) to support its argument that the ALJ's decision complies with *Mascio*. *Shinaberry* is distinguishable from this case. In *Shinaberry*, the ALJ actually explained why the claimant's moderate limitations in concentration, persistence, and pace did not translate into a limitation in the RFC. *Id.* at 121-22 ("Here, the ALJ discussed in detail the psychological evaluations . . ., as well as Shinaberry's adult function report, and sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in concentration, persistence, and pace."). In contrast, the ALJ's decision in this case does not explain why John A.'s moderate difficulties in concentration, persistence, and pace do not translate into a limitation in the RFC.

The ALJ's citation of John A.'s ability to partake in hobbies and complete household chores does not explain what, if any, limitations are required to account for his moderate limitations in maintaining concentration, persistence, and pace. As John A. correctly notes in his brief, there is no evidence in the record that John A. performed his hobbies and completed his chores in a manner analogous to what would be required in a work environment. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily

living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer.").

Without a clear and specific explanation as to how the RFC accounts for John A.'s difficulties in concentration, persistence, and pace (or why no such limitations are necessary), the Court is unable to properly review the ALJ's decision. Accordingly, the case will be remanded for further proceedings.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17 & 22) are **DENIED**. Pursuant to sentence four of 42 U.S.C.§405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

4